**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARGARIT ELLISON VOSKANYAN,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 13-70537

Agency No. A097-361-222

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Margarit Ellison Voskanyan, a native and citizen of Armenia, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order denying her

motion to reopen removal proceedings based on ineffective assistance of counsel.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion or violate due process in denying Voskanyan's motion to reopen for failure to comply with the threshold requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), where Voskanyan failed to allow her former attorneys an adequate opportunity to respond to the allegations against them, and elements of Voskanyan's allegations against her former attorneys were inconsistent with the administrative record. *See Reyes v. Ashcroft*, 358 F.3d 592, 596-99 (9th Cir. 2004) (no abuse of discretion where alien failed to establish that he provided former counsel with adequate opportunity to respond to allegations and ineffectiveness was not plain on face of the record); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

Contrary to Voskanyan's contention, the BIA did not err by declining to address specific evidence relating to her allegations of ineffectiveness, where the issue of compliance with *Lozada* was dispositive. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not

13-70537

required to make findings on issues the decision of which is unnecessary to the results they reach." (citation and quotation marks omitted)).

To the extent Voskanyan challenges the agency's prior orders denying her applications for asylum and related relief, we lack jurisdiction because this petition is not timely as to those orders. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

In light of this disposition, we do not reach Voskanyan's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**